IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER HAMILTON and DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-1240-C |
| BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG and BAYER AG, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a Motion seeking to partially exclude the opinions and testimony of Defendants' economist Thomas F. Grogan (Dkt. No. 25). Plaintiffs take issue with Mr. Grogan's analysis of the sales of YAZ in Oklahoma during the time period in which Kaitlin took that medication. In addition, Plaintiffs argue that the manner in which Mr. Grogan calculated her rated age and life care costs are improper.

Pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009)

(en banc) (quoting Fed. R. Evid. 702)]. Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." Id. Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1282-83 (10th Cir. 2018). Here, Plaintiffs do not challenge the qualifications of Mr. Grogan. Rather, the present Motion only attacks the reliability of the expert's opinion. On this point, Plaintiffs' Motion must fail. Each of the issues challenged by Plaintiffs are items that can be challenged through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . ." Daubert, 509 U.S. at 596. At this stage, the Court finds the reasoning and methodology underlying Mr. Grogan's opinions are sufficient to satisfy the gatekeeping requirements of Daubert.

For the reasons set forth herein, Plaintiffs' Motion to Exclude Partially the Opinions and Proposed Testimony of Defendants' Economist Thomas F. Grogan, C.F.E. (Dkt. No. 25) is DENIED.

IT IS SO ORDERED this 11th day of June 2019.

ROBIN J. CAUTHRON
United States District Judge