IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER HAMILTON and DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-1240-C |
| BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG and BAYER AG | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendants have filed a Motion to Exclude Expert Testimony that YAZ Has a Higher Risk than Levonorgestrel Pills, as Irrelevant Under *Daubert* (Dkt. No. 26), and a Motion to Exclude Expert Testimony that YAZ Has a Higher Risk than Norgestimate Pills, as Unreliable Under *Daubert*, and for Summary Judgment Due to Plaintiffs' Resulting Failure to Prove Causation (Dkt. No. 28). Plaintiffs object to each Motion, arguing their expert has satisfied the Daubert standards. Additionally, Plaintiffs argue the proffered expert testimony is sufficient to establish causation.

Before considering the admissibility of Plaintiffs' expert's opinions, the Court must resolve a dispute among the parties regarding the level of risk that must be established. Defendants argue the Plaintiffs must demonstrate that YAZ had at least double the risk of

causing a blood clot when compared to other combined oral contraceptives ("COC"). Defendants rely on Twyman v. GHK Corp., 2004 OK CIV APP 53, 93 P.3d 51, for that standard. Defendants argue that in that case the Oklahoma Court of Civil Appeals adopted a requirement of double the risk. Defendants direct the Court to a number of decisions from other courts which have held that when considering epidemiologic evidence, a doubling of the risk is necessary to move from a possible cause to a probable cause. In response, Plaintiffs note that no Oklahoma court has held that a doubling of the risk is required. Rather, Plaintiffs assert, Oklahoma only requires proof of probability not possibility. See Kirkland v. General Motors Corp., 1974 OK 52, ¶ 29, 521 P.2d 1353, 1363 ("Plaintiff must prove that the product was the cause of the injury; the mere possibility that it might have caused the injury is not enough."); Dutsch v. Sea Ray Boats, Inc., 1992 OK 155, ¶ 15, 845 P.2d 187, 191 ("the mere possibility that a defect caused the injury is not sufficient").

The Court is persuaded by Plaintiffs' argument. Oklahoma law requires only proof of probability. Whether that proof occurs at risk multiples of 1.5, 1.7, or 2.0, or some other factor, is not a requirement under Oklahoma law. Rather, there must be proof from which a reasonable juror could determine that the alleged defect more probably than not caused the injury. Thus, to the extent Defendants seek a determination that there must be double the risk, their request will be denied.

The Court now turns to Defendants' challenges to Plaintiffs' expert, Dr. Rinder. Pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579

(1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [United States v. Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting Fed. R. Evid. 702)]. Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." Id.

Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1282-83 (10th Cir. 2018). Here, Defendants do not challenge the qualifications of Plaintiffs' expert, Dr. Rinder. Rather, the present Motions only attack the reliability of the expert's opinion. According to Defendants, Dr. Rinder cannot reach the conclusion that YAZ was more dangerous for Kaitie because there are no studies comparing the risk of YAZ to Ortho Tri-Cyclen, as that is the other drug that Kaitie's dermatologist stated he would have prescribed. Defendants argue that Ortho Tri-Cyclen contains norgestimate ("NGM") and Plaintiffs rely on studies comparing YAZ to levonorgestrel ("LNG"). Defendants argue that because the substances are different those studies cannot be used to demonstrate the warnings in this case were inadequate. Defendants also complain that the bulk of the studies on which Plaintiffs rely compared Yasmin, not YAZ, to other COCs. According to Defendants, because the amount of estrogen in Yasmin is higher than in YAZ, those studies lack relevance to the case at bar.

In response, Plaintiffs note that it is well known that NGM metabolizes to LNG. Plaintiffs further note the labels for COCs containing NGM are identical to the labels on

COCs containing LNG, as the risk of VTE in the two are the same. Plaintiffs also note that Dr. Rinder's opinion regarding the risks of COCs containing drospirenone ("DRSP") such as YAZ, as compared to COCs containing LNG, is relevant to understanding the comparative risks of DSRP vs. NGM. Plaintiffs assert this is so because both the FDA and researchers derive their opinions on the safety of NGM COCs based on studies of LNG COCs. Finally, as Plaintiffs argue, the MDL Court has previously determined the Yasmin vs. YAZ issue and Defendants offer no reasons for revisiting that argument.

The Court finds that the arguments raised by Defendants fail to provide any basis for excluding the testimony of Dr. Rinder. As noted by Plaintiffs, his opinions are based on a reasonable analysis and extrapolation of the relevant data. There is not a great analytical gap between the studies relied on by Dr. Rinder and his opinion. See Gen. Elec. v. Joiner, 522 U.S. 136 (1997). Nor are Dr. Rinder's opinions connected to the data only by an *ipse dixit*. Id. Dr. Rinder has offered a reasonable explanation for the manner in which he applied the studies to reach his opinion that YAZ had a higher risk of VTE. Without question, Defendants may challenge the methodology and conclusions reached by Dr. Rinder and the jury may ultimately determine that his opinions are insufficient to meet Plaintiffs' burden of proof. However, at this stage, the Court finds the reasoning and methodology underlying Dr. Rinder's opinions are sufficient to satisfy the gatekeeping requirements of Daubert.

For the reasons set forth herein, Defendants' Motion to Exclude Expert Testimony that YAZ Has a Higher Risk than Levonorgestrel Pills, as Irrelevant Under *Daubert* (Dkt.

No. 26) and Motion to Exclude Expert Testimony that YAZ Has a Higher Risk than Norgestimate Pills, as Unreliable Under *Daubert*, and for Summary Judgment Due to Plaintiffs' Resulting Failure to Prove Causation (Dkt. No. 28) are DENIED.

IT IS SO ORDERED this 11th day of June 2019.

ROBIN J. CAUTHRON
United States District Judge