IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER HAMILTON and DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, An incapacitated person, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-1240-C |
| BAYER HEALTHCARE PHARMACEUTICALS, INC., et al., | ) ) ) | |
| Defendants, | ) ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) ) ) | |
| Intervenor. | ) | |

MEMORANDUM OPINION AND ORDER

Intervenor Mutual of Omaha Insurance Company has filed a Motion to Quash Notices of Depositions served by Plaintiffs in this matter. Plaintiffs have served notices of deposition for James Blackledge and Susan Lewis as part of the discovery in this case. Intervenor argues that both depositions should be quashed, as Plaintiffs have failed to demonstrate the burden or expense of the proposed discovery outweighs its likely benefit. Mr. Blackledge is the chief executive officer of Intervenor Mutual of Omaha, and Ms. Lewis is its associate general counsel. Intervenor argues that the deposition of each of these individuals is only for the purpose of harassment, as neither individual can offer any testimony that is relevant to the claims or defenses raised in this litigation. In response,

Plaintiffs argue that Mr. Blackledge's deposition is necessary, as other witnesses have testified about incidents which involved him and that his actions led to a change in status of Kaitlin's claim for insurance proceeds. Plaintiffs also argue that the deposition of Ms. Lewis is proper, as the evidence clearly establishes that she served a role other than that of counsel and operated as a claims adjustor or assisted in the claims adjusting process and therefore Plaintiffs are entitled to conduct discovery concerning her actions.

Plaintiffs' request to depose Mr. Blackledge is premised upon the reaction of Intervenor to letters written by Mike Holder, Athletic Director for Oklahoma State University, and the Most Reverend Eusebius J. Beltran, Archbishop Emeritus of Oklahoma City. After Intervenor had terminated the benefits it had been paying to Plaintiffs, Coach Holder and Rev. Beltran sent letters to Intervenor on behalf of Plaintiffs; those letters were addressed to Mr. Blackledge as CEO of Intervenor. Sometime after the letters were received by Intervenor, the decision to terminate benefits was reversed and benefits were reinstated. Plaintiffs argue they are entitled to depose Mr. Blackledge to explore what knowledge he had or what action he took relevant to that reversal. Plaintiffs direct the Court to the deposition of Ms. Tarkowski, arguing that in her deposition she noted that Mr. Blackledge had received the letters and taken action related to the letters. However, review of Ms. Tarkowski's deposition makes clear that she did not testify as to Mr. Blackledge's receipt of the letters, nor did she indicate in her testimony that he played any role in the reversal of the determination to terminate benefits. Further, in reply to Plaintiffs' response in this matter, Intervenor has provided an affidavit from Mr.

Blackledge, wherein he attests that he had no knowledge of the letters, that he did not receive them, and that he has no knowledge of any lawsuit involving Kaitlin Hamilton and Mutual of Omaha. Accordingly, the Court finds that Plaintiffs' request for the deposition of Mr. Blackledge will be denied. Intervenor has established that the burden or expense of that deposition outweighs its likely benefit and Intervenor's Motion to Quash will be granted on this issue.

As for the challenge to the deposition of Ms. Lewis, Intervenor argues that her testimony is shielded from discovery by the attorney-client privilege, because in all instances on which she could be deposed she was acting as counsel for Intervenor and providing legal advice. In response, Plaintiffs note that the testimony obtained from other employees of Intervenor indicate that Ms. Lewis's role was far broader than merely providing legal advice. According to Plaintiffs, there is evidence demonstrating that, as it related to the Hamilton claim, Ms. Lewis was engaging in business functions such as determining whether or not Kaitlin Hamilton's claim should be paid, or whether the benefits should have been terminated.

While Ms. Lewis's role as counsel certainly raises the issue of applicability of attorney-client privilege, Plaintiffs have demonstrated that doctrine is inapplicable here. First, as the doctrine is "in derogation of the search for truth," it will be narrowly construed. United States v. Kapnison, 743 F.2d 1450, 1456 (10th Cir. 1984). Additionally, the mere fact that Ms. Lewis served in the position of attorney does not mean all her communications or actions on behalf of Intervenor are automatically protected by the privilege. See Scott

v. Peterson, 2005 OK 4, ¶ 7, 126 P.3d 1232, 1234. Indeed, the key is whether or not the communications which are claimed to be confidential involve the requesting or giving of legal advice. Fisher v. United States, 425 U.S. 391, 403 (1976).

Here, Plaintiffs have demonstrated that much of the activity of Ms. Lewis as it related to the decision to terminate and then reinstate Kaitlin's benefits, and the reimbursement letter, were all actions more closely connected to the business of Intervenor – that is, paying insurance claims – than they were to providing legal advice. Accordingly, Intervenor's Motion to Quash the deposition notice of Ms. Lewis will be denied as to these three areas, and Plaintiffs may obtain the deposition of Ms. Lewis on the topics of her actions, analysis, and decisions as they relate to the decision to terminate and then reinstate Kaitlin's benefits, and the reimbursement letter.

Plaintiffs have also filed a Motion to Compel requesting a complete copy of the claim file for Kaitlin, including any legal file related to her. Intervenor objects, arguing that it is unclear what Plaintiffs mean by "legal file" and that in any event any documents not previously produced are shielded from production by the attorney-client privilege and/or the work product doctrine. Part of the difficulty in determining what documents are subject to production arises from Intervenor's failure to comply with the requirements of Fed. R. Civ. P. 26(b)(5). Even now, several months after Plaintiffs' discovery requests were served, Intervenor has failed to provide a privilege log. Accordingly, any claims of attorney-client privilege and/or work product can be deemed waived. See Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D. Kan. 1999). Even

without waiver as a sanction, the Court finds the requested documents must be produced. As noted above, the actions of Ms. Lewis as they related to Kaitlin's claim were more in the nature of claims adjustment as opposed to legal services. Thus, the mere fact that Ms. Lewis authored or received some document does not confer privilege or work product status to those documents. In short, the Court finds that Intervenor has failed to demonstrate the documents requested by Plaintiff are protected by the attorney-client privilege or the work product doctrine. Accordingly, Intervenor shall produce any document not previously produced that is related to its handling of Kaitlin's claim. The only documents that need not be produced are those from or to Intervenor's outside counsel that relate solely to the declaratory judgment or bad faith litigation. The Court finds any documents, including those from outside counsel related to the reimbursement/subrogation agreement, must be produced.

Finally, Intervenor has filed a Motion to Quash seeking to bar additional Fed. R. Civ. P. 30(b)(6) depositions. Intervenor argues Plaintiffs must first obtain leave of Court as there has already been one 30(b)(6) deposition taken and a second would violate the provisions of Fed. R. Civ. P. 30(a)(1). The Court is not persuaded that leave of Court for a second Rule 30(b)(6) deposition is required. See Quality Aero Tech., Inc. v. Telemetrie Elektronik, GmbH, 212 F.R.D. 313, 319 (E.D.N.C. 2002). The Court agrees that a more functional approach should apply when considering Rule 30(b)(6) depositions. Therefore, the Notice will not be quashed under Rule 30(a)(1). However, after reviewing the scope of the Notice, it appears that at least some portion, if not all of the discovery

sought, will be obviated by the other matters addressed herein. Accordingly, the Court holds that the Rule 30(b)(6) deposition not occur until after the other discovery outlined herein is complete.

For the reasons set forth more fully herein, Intervenor Mutual of Omaha Insurance Company's Motion to Quash Notices of Deposition of James Blackledge and Susan Lewis and for Protective Order (Dkt. No. 185) is GRANTED IN PART and DENIED IN PART. The notice of deposition for Mr. James Blackledge is quashed, and the deposition of Ms. Lewis may proceed within the scope outlined herein. The Motion to Compel of Plaintiffs Walter Hamilton and Dianna Hamilton, Individually and as Legal Guardians of the Person and Estate of Kaitlin Hamilton, an Incapacitated Person, Against Intervenor Mutual of Omaha (Dkt. No. 186) is GRANTED. Intervenor Mutual of Omaha Insurance Company's Motion to Quash Additional Notices of Depositions Under Rule 30(b)(6) (Dkt. No. 190) is DENIED.

IT IS SO ORDERED this 22nd day of July, 2019.

ROBIN J. CAUTHRON
United States District Judge