IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER HAMILTON AND DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-1240-C |
| BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG AND BAYER AG | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) ) ) | |
| Intervenor | ) ) | |
| vs. | ) ) | |
| WALTER HAMILTON AND DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |

ORDER

Plaintiffs seek an Order barring Scott Sather from testifying at trial. According to Plaintiffs, Intervenor Mutual of Omaha Insurance Company ("Mutual") intends to elicit expert testimony from Mr. Sather and he was not disclosed as an expert in accordance with the Court's Scheduling Order. Mutual objects, arguing that Mr. Sather will offer only fact testimony and therefore expert disclosures were not required.

Mutual has listed Mr. Sather as a witness to offer testimony related to actuarial considerations in Kaitlin Hamilton's claim. According to Mutual, Mr. Sather will offer testimony about the relationship with the NCAA; the nature of the coverage provided to the NCAA, without actually having written the coverage; the premiums charged, without having set those premiums; the claims incurred under the coverage, without actually having handled those claims; and the actuarial considerations on those claims, without actually having developed those considerations.

Based on Mutual's description of his testimony and in light of the Court's rulings on other matters in this case, it is difficult to determine what relevance Mr. Sather's testimony will have on the issues remaining for trial. If relevant areas of testimony can be demonstrated, Mr. Sather will be permitted to testify as a lay witness. In that capacity, his testimony will be limited by the strictures of Fed. R. Evid. 701. While Mr. Sather's testimony will undoubtedly be informed by his education, training, and experience, it is not definitively expert opinion testimony. See United States v. Powers, 578 F. App'x 763, 774-75 (10th Cir. 2014).

Accordingly, Plaintiffs' "Motion to Strike Mutual of Omaha Insurance Company's Witness Scott Sather Related to Actuarial Considerations" (Dkt. No. 248) is DENIED.

IT IS SO ORDERED this 18th day of October, 2019.

ROBIN J. CAUTHRON
United States District Judge