IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER HAMILTON AND DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-1240-C |
| BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG AND BAYER AG | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) ) ) | |
| Intervenor | ) ) | |
| vs. | ) ) | |
| WALTER HAMILTON AND DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |

MEMORANDUM OPINION AND ORDER

Intervenor Mutual of Omaha Insurance Company ("Mutual") has filed a Motion seeking to exclude the opinions and testimony of Plaintiffs' expert, Diane L. Luther (Dkt. No. 252). Mutual argues that Ms. Luther is not qualified to render the offered opinions,

that her opinions impermissibly make legal conclusions, and that her report fails to comply with Fed. R. Civ. P. 26(a)(2)(B).

Pursuant to Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [<u>United States v. Nacchio</u>, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)] (quoting Fed. R. Evid. 702). Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." <u>Id.</u>

<u>Schulenberg v. BNSF Ry. Co.</u>, 911 F.3d 1276, 1282-83 (10th Cir. 2018).

Mutual argues that Ms. Luther is not qualified because she is not a lawyer and/or does not hold a special license relative to the insurance policy at issue here. Mutual further argues that Ms. Luther has no experience in dealing with group claims. After considering the parties' arguments, the Court finds Ms. Luther is qualified to offer expert testimony on this matter. To the extent Mutual questions her qualifications, the issues raised are more properly addressed via cross-examination rather than exclusion.

Mutual also challenges certain opinions expressed by Ms. Luther stating they are legal conclusions. Alternatively, Mutual argues Ms. Luther applies an incorrect legal standard. According to Mutual, Ms. Luther repeatedly used "acceptable industry standards" language to qualify her opinion of Mutual's wrongdoing. Mutual argues this

is not the proper standard. Rather, Mutual argues, the proper analysis is whether it had a duty to cover the subject loss.

The Tenth Circuit has defined the threshold for expert testimony on legal issues, stating:

> The line we draw here is narrow. We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms. . . .
>
> . . . [A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

Specht v. Jensen, 853 F.2d 805, 809-10 (10th Cir. 1988). As this Court explained in ruling on a Daubert challenge to an expert in an earlier bad faith case: "the focal point of her testimony must be on the Oklahoma insurance industry's practices and standards and whether they were or were not met in this case. The Court will not permit Sullivan to give testimony regarding unsupported or inadequately explored conclusions regarding issues of fact or to offer a legal opinion." Milburn v. Life Inv'rs Ins. Co. of Am., No. CIV-04-0459-C, 2005 WL 6763386 (W.D. Okla. Jan. 19, 2005). Ms. Luther's testimony must stay within these parameters. As for Mutual's argument regarding Ms. Luther applying the "acceptable industry standards" language, the Court finds no merit in that

position. Indeed, assisting the jury in understanding appropriate industry standards is precisely the reason for permitting expert testimony on claims handling.

Finally, Mutual argues the Rule 26 disclosure of Ms. Luther was inadequate as it failed to include her compensation schedule. Mutual's argument is frivolous. While the initial disclosure omitted compensation information, that omission was corrected four days later and prior to Mutual's deposition of Ms. Luther. At that deposition, Mutual explored the compensation earned by Ms. Luther for her work in this matter. Thus, Mutual has failed to demonstrate any prejudice arising from the initial omission. Rather, to raise the issue in this manner is disingenuous. This type of "gotcha" tactic is not acceptable before this Court.

For the reasons set forth herein, Intervenor Mutual of Omaha Insurance Company's Motion to Exclude the Opinions and Testimony of Diane L. Luther (Dkt. No. 252) is DENIED.

IT IS SO ORDERED this 18th day of October, 2019.

ROBIN J. CAUTHRON
United States District Judge