IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALTER HAMILTON AND DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-18-1240-C |
| BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG AND BAYER AG | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| MUTUAL OF OMAHA INSURANCE COMPANY, | ) ) ) | |
| Intervenor | ) ) | |
| vs. | ) ) | |
| WALTER HAMILTON AND DIANNA HAMILTON, Individually and as Legal Guardians of the Person and Estate of KAITLIN HAMILTON, an Incapacitated Person, | ) ) ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a Motion seeking to exclude the opinions and testimony of Intervenor Mutual of Omaha Insurance Company's ("Mutual") expert Allan D. Windt

(Dkt. No. 245). Plaintiffs argue that Mr. Windt's testimony should be excluded, as his opinions improperly instruct on the law.

Pursuant to Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), the Court must conduct a two-part inquiry prior to permitting an expert witness to testify before a jury.

> First, the district court must "determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." [<u>United States v. Nacchio</u>, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc)] (quoting Fed. R. Evid. 702). Second, if the expert is sufficiently qualified, the district court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." <u>Id.</u>

<u>Schulenberg v. BNSF Ry. Co.</u>, 911 F.3d 1276, 1282-83 (10th Cir. 2018).

The Court finds that Mr. Windt is qualified by knowledge, skill, experience, training, or education to render an opinion. However, after reviewing Mr. Windt's expert report, the Court finds his opinions are not reliable. Much of Mr. Windt's report offers his view on what was legally required by Mutual when handling the Hamilton claim.

The Tenth Circuit has defined the threshold for expert testimony on legal issues, stating:

> The line we draw here is narrow. We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms. . . .
>
> . . . [A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct

the jury's understanding of the legal standards upon which their verdict must
be based, the testimony cannot be allowed. In no instance can a witness be
permitted to define the law of the case.

Specht v. Jensen, 853 F.2d 805, 809-10 (10th Cir. 1988). Mr. Windt's testimony might ordinarily be redacted to fit within those parameters, but it fails to apply the applicable law. As this Court explained in ruling on a Daubert challenge to an expert in an earlier bad faith case: "the focal point of her testimony must be on the Oklahoma insurance industry's practices and standards and whether they were or were not met in this case. The Court will not permit Sullivan to give testimony regarding unsupported or inadequately explored conclusions regarding issues of fact or to offer a legal opinion." Milburn v. Life Inv'rs Ins. Co. of Am., No. CIV-04-0459-C, 2005 WL 6763386 (W.D. Okla. Jan. 19, 2005). Mr. Windt relies on a book he authored as the legal basis for his opinions. To be sure, that book references Oklahoma law. However, it also references the law of other states and that law often conflicts with Oklahoma law. Mr. Windt makes no effort to refine his opinions so that they are based solely on the law applicable to this matter. Accordingly, Mr. Windt will not be permitted to offer expert testimony at trial.

For the reasons set forth herein, Plaintiffs' Daubert Objection to Mutual of Omaha's Expert Witness Allan D. Windt (Dkt. No. 245) is GRANTED.

IT IS SO ORDERED this 18th day of October, 2019.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge